1  RACHEL LEDERMAN, SBN 130192
2  Rachel Lederman & Alexsis C. Beach, Attorneys
3  558 Capp Street
   San Francisco, CA 94110
4  Tel: (415) 282-9300
   Fax: (510) 590-9296
5  *rachel@bllaw.info*

6  R. MICHAEL FLYNN, SBN 258732
7  Flynn Law Office                          HASMIK GEGHAMYAN, SBN 283160
   1736 Franklin St., Ste 400                Geghamyan Law Office
8  P.O. Box 70973                            1736 Franklin Street, Suite 400
   Oakland CA 94612                          Oakland, California 94612
9  Tel:  (510) 893-3226                      Tel: (415) 857-5548
10 Fax: (866)728-7879                        Fax: (415) 688-2102
   *michael@flo-law.com*                     *geghamyanlaw@gmail.com*
11

12  Attorneys for Plaintiffs

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16  DYLAN COOKE; LEWIS WILLIAMS; and          Case No:  3:18-cv-04420 DMR
    BROOKE ANDERSON; on behalf of
17  themselves and all others similarly situated,   **CIVIL RIGHTS CLASS ACTION
                                               COMPLAINT FOR DAMAGES,
18              Plaintiffs,                     DECLARATORY AND INJUNCTIVE
                                               RELIEF**
19  v.

20  CITY OF BERKELEY; ANDREW                  **42 U.S.C. § 1983**
    GREENWOOD; SEAN ROSS; SPENCER
21  FOMBY; TODD SABINS; BRIAN MATHIS;         **JURY TRIAL DEMANDED**
22  SAMANTHA SPEELMAN; and DOES 1-50,
    inclusive,
23
24              Defendants.

25

26                  **I.    INTRODUCTION**

27  1.    This is a civil rights action for damages, injunctive and declaratory relief arising

28  from unconstitutional police attacks on peaceful protesters and journalists in Berkeley,

California, on the night of June 20-21, 2017, when numerous persons turned out to a Berkeley City Council meeting at Longfellow Middle School to urge the Council to end Berkeley's participation in Urban Shield, a SWAT team training and weapons expo. When a few people stepped onto the stage to peacefully hold up a banner at the end of the meeting, the Berkeley police reacted with immediate, unnecessary and excessive force, escalating tensions between the community and the police and violating Berkeley's own police policies as well as the plaintiffs' constitutional rights.

## II.     JURISDICTION AND VENUE

2.     This action seeks damages and injunctive relief under 42 U.S.C. § 1983.  This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.     Venue properly lies within this District under 28 U.S.C. § l391(b). The defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

4.     Plaintiffs DYLAN COOKE aka Virginia Cooke; LEWIS WILLIAMS; and BROOKE ANDERSON have all filed timely administrative claims with the City of Berkeley, in compliance with California Government Code § 910 et seq. The claims were denied on January 22, 2018.

## III.     INTRADISTRICT ASSIGNMENT

5.     Pursuant to Local Rule 3-2, this action is properly assigned to the San Francisco or Oakland divisions of this Court.

## IV.     PARTIES

6.     Plaintiffs DYLAN COOKE aka Virginia Cooke, LEWIS WILLIAMS, and BROOKE ANDERSON are natural persons. Mr. Williams and Ms. Anderson are residents of Berkeley and all three are residents of Alameda County, California. Defendant CITY OF BERKELEY is a municipal corporation duly organized and existing under the laws of the State of California.

7.     Defendant ANDREW GREENWOOD is, and at all times herein mentioned was, the Chief of Police of the City of Berkeley and an authorized policymaker of the City of

Berkeley. GREENWOOD set in motion, supervised, directed, approved, and acquiesced in police officers' constitutional violations during the subject incident, including but not limited to the use of excessive force and deprivation of the plaintiffs' First and Fourth Amendment rights by Berkeley Police officers. GREENWOOD caused these violations by failing to fully implement, train on or enforce policies officially adopted by GREENWOOD and the CITY OF BERKELEY which mandate de-escalation, prohibit unnecessary and excessive use of pain compliance techniques and batons; mandate use of force reporting; mandate cooperation with the media; and other policies intended to prevent excessive force and promote First Amendment rights; and by being personally present during at least part of the subject incident and failing to intervene to stop the constitutional violations by his subordinates.

8.      Defendant SEAN ROSS is a Sergeant of the City of Berkeley Police Department. Defendant ROSS used excessive force on Plaintiffs, including but not limited to DYLAN COOKE, and others, and was on scene and supervised, directed, approved, acquiesced, and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive force, arrest without probable cause, and deprivation of the plaintiffs' First and Fourth Amendment rights by Berkeley Police Officers.

9.      Defendant SPENCER FOMBY is a Sergeant of the City of Berkeley Police Department.  Defendant FOMBY used excessive force on Plaintiffs, and was on scene and supervised, directed, approved, acquiesced, and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive force and deprivation of the plaintiffs' First and Fourth Amendment rights by Berkeley Police Officers.

10.     Defendant TODD SABINS is a Sergeant of the City of Berkeley Police Department. Defendant SABINS used excessive force on Plaintiffs, and was on scene and supervised, directed, approved, acquiesced, and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive force and deprivation of the plaintiffs' First and Fourth Amendment rights by Berkeley Police Officers.

11.     Defendant SAMANTHA SPEELMAN is a Sergeant of the City of Berkeley Police

Department.  Defendant SPEELMAN used excessive force on Plaintiffs, including but not limited to DYLAN COOKE, and was on scene and supervised, directed, approved, acquiesced, and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive force, arrest without probable cause, and deprivation of the plaintiffs' First and Fourth Amendment rights by Berkeley Police Officers.

12.     Defendant BRIAN MATHIS is a sworn officer of the City of Berkeley Police Department.  Defendant MATHIS used excessive force on Plaintiffs, including but not limited to BROOKE ANDERSON, and failed to intervene to stop other officers who used excessive force.

13.     The individual Defendants are sued in their individual capacities.

14.     The DOE Defendants include other individuals involved in use of excessive force, but whom Plaintiffs have not yet been able to identify, including but limited to due to Defendants' withholding of information, including those persons who supervised and/or participated in the conduct complained of herein. Plaintiffs are informed and believe and therefore allege that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

15.     In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

16.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

17.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          4

# V. CLASS ACTION ALLEGATIONS

18.     Plaintiffs seek class certification pursuant to Fed.R.Civ.P. 23(a) and Fed.R.Civ.P. 23(b)(2) to pursue claims for injunctive and declaratory relief on behalf of themselves and all persons similarly situated. The proposed class consists of all persons who participated in expressive or journalistic activities at the June 20-21, 2017, event described herein, and all persons who engage in expressive or journalistic activities at public demonstrations in the City of Berkeley. The class does not seek damages.

19.     This case satisfies the prerequisites of a Rule 23(b)(2) class action. The class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the identities of all of the class members.

20.     There are questions of law and fact common to the class, in that the named plaintiffs claim that defendants' unlawful use of force, threats of force and false arrest on June 20-21, 2017, were based on Berkeley Police Department policies and practices that were unlawful and chilled their First Amendment rights, including but not limited to the policies and practices described in Paragraphs 47-49, and the named plaintiffs and the class seek to enjoin further implementation of those same unlawful policies and orders.

21.      By ordering officers to use unnecessary and excessive force at the June, 2017, City Council meeting and the demonstration which followed, and failing to enforce policies prohibiting such use of excessive force before, during or after that event, as described in this Complaint, defendants have acted on grounds generally applicable to the class, so that injunctive and declaratory relief is appropriate respecting the class as a whole.

22.     The claims of the named plaintiffs are typical of the claims of the class in that the named plaintiffs and class members claim that their First Amendment rights have been chilled by the same misconduct of defendants and are based on the same legal theories.

23.     The named plaintiffs will fairly and adequately protect the interests of the class because they were subject to the unlawful law enforcement conduct complained of herein, and have no interests antagonistic to the class. In addition, plaintiffs' counsel are experienced in litigating federal civil rights class actions.

24.      In using unnecessary and excessive force and threats of force against the plaintiffs

1  and other demonstrators and journalists who were present, and failing to take action to

2  prevent a recurrence of these civil rights violations, the defendants have acted and refused

3  to act on grounds generally applicable to the class, and injunctive and declaratory relief

4  for the class as a whole is appropriate.

5  25.    The prosecution of separate actions by individual members of the class would

6  create a risk of inconsistent or incompatible standards of conduct for the defendants,

7  thereby making a class action the superior method of adjudicating the controversy.

8

9  ## VI. FACTUAL ALLEGATIONS

10  26.    On June 20, 2017, the Berkeley City Council held a special meeting at Longfellow

11  Middle School to consider whether or not to continue Berkeley's participation in Urban

12  Shield, a SWAT team training and weapons expo, and other issues related to the law

13  enforcement. Hundreds of people, including the Plaintiffs, turned out and gave public

14  comment urging the Council to pull out of Urban Shield. At about 12:30am on June 21, the

15  council voted in favor of continuing to participate. As the council meeting was drawing to a

16  close, several activists went up to the stage, and peacefully unfurled a banner reading,

17  "Stop Urban Shield, End The Militarization Of Our Communities".

18  27.    Plaintiff DYLAN COOKE was one of the people who stepped up onto the stage.

19  Immediately, before Dylan had even touched the banner, and without saying a word,

20  Defendant SEAN ROSS, assisted by SHULZ, SPEELMAN, and/or DOES, twisted Dylan's

21  wrist and shoulder in an excruciating pain hold. Dylan did not resist in any way, but

22  ROSS never gave her an order or chance to comply before gratuitously inflicting

23  excruciating pain on her. Dylan told Ross that he was hurting her and asked him to let go,

24  but ROSS did not respond and continued to wrench Dylan's wrist and shoulder even more,

25  for an extended period of time, injuring Dylan's wrist and shoulder. Eventually

26  Defendants handcuffed Dylan.

27  28.    Even after Dylan was handcuffed, and put up no resistance, SPEELMAN and/or a

28  DOE officer wrenched her arm even harder before taking them out to a police car, causing

further injury.

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR                6

29.     Dylan was shocked when the police inflicted excruciating pain on her for no reason at all, without giving them any opportunity to either leave the stage or cooperate in being arrested peacefully.

30.     Defendants took Dylan and one other arrestee to the Berkeley Jail, where they were held until approximately 3:30am before being released. Dylan later received a Penal Code section 849(b) notice indicating that BPD had determined that there were insufficient grounds for making a criminal complaint against her. Neither Dylan nor the other arrestee was ever charged with any crime.

31.     Defendants' unprovoked, visible use of pain on Dylan and the other person who was arrested, on the stage, caused others to gather around, pleading with the officers to stop hurting the activists. Despite the activists' and a Councilmember's attempts to deescalate the police officers' aggression, Defendants began forcefully pushing people out of the auditorium. Outside, when people expressed verbal opposition to the brutal and unnecessary arrests, Defendants advanced on the crowd, using their batons with unnecessary and aggressive force.

32.     Plaintiff BROOKE ANDERSON, a photojournalist, was wearing a visible press pass and taking photographs of the event, and identified herself as press to the police, yet Defendant MATHIS and/or DOE unknown BPD officers used unnecessary and excessive force on her.

33.     Brooke was wearing a brace on one arm due to a pre-existing injury, and Defendants hit her repeatedly with batons on the injured arm that was in the brace, and shoved her camera into her face with batons, causing pain and bruises and interfering with her ability to document the event.

34.     A DOE officer forcefully shoved Plaintiff LEWIS WILLIAMS, a 74 year old retired elementary school teacher, with a baton. Like others, Lewis was trying to back up but was hemmed in by the crowd behind him. In the confusion and jostling, Lewis' glasses fell to the ground. Lewis bent down to pick them up, but as he was straightening up, a DOE officer hit him with great force on the top of his head, causing a laceration and a concussion. Despite the fact that blood was pouring from Lewis' head, no Berkeley Police

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          7

officer or City of Berkeley employee provided first aid or called for medical aid. Instead, demonstrators helped Lewis to safety and tried to staunch the bleeding.

35.    No Berkeley Police officer reported the strike to LEWIS WILLIAMS' head in a supplemental report as required by BPD policy despite the fact that numerous officers were in the vicinity.

36.    No dispersal orders were given during this incident. Commands to step back were virtually simultaneous with hitting people, giving no time to comply.

37.    None of the Plaintiffs presented a threat or engaged in any conduct justifying any use of force by the police at any time. In fact, the Plaintiffs and others tried to calm the officers and assure them that there was no need for force.

38.    There was no probable cause to believe that DYLAN COOKE had committed any crime.

39.    The police conduct was not only illegal, but violated Berkeley Police Department General Orders C-64 and U-2, which Defendants had just recently revised to address complaints of similar provocative tactics, excessive force and targeting of journalists during the late 2014 Black Lives Matter demonstrations. General Order C-64 emphasizes that the "mission of the Berkeley Police Department is to facilitate free expression, de-escalate violence, and resolve conflict peacefully with the overall goal of ensuring public safety and protecting First Amendment rights of free speech and assembly." It prohibits officers from using batons to collectively push a crowd in a particular direction prior to dispersal orders being given, and states that officers should give verbal requests or commands before advancing on a crowd. The General Orders also prohibit officers from striking people on the head with batons unless deadly force is warranted; and prohibits them from striking people who cannot move back due to a crowd behind them, as they did to LEWIS WILLIAMS. Similarly, officers are prohibited from using pain compliance techniques without giving protesters a chance to comply, and only to effect an arrest of a person who is resisting arrest, not to inflict preemptive punishment, as they did to DYLAN COOKE. General Order U-2 requires baton use to be reported and investigated and officers to intervene in and the use of excessive force by another officer. General Order

P-29 provides that media representatives be permitted free movement even in restricted areas as long as they do not interfere with police functions. Plaintiffs are informed and believe that GREENWOOD and other BERKELEY police supervisors have never fully implemented or enforced these policies, and that this caused the civil rights violations complained of herein. These failures have and are chilling Plaintiffs' and the Plaintiff Class' First Amendment rights in Berkeley.

40.     Plaintiffs are informed and believe that ANDREW GREENWOOD, Berkeley Mayor Jesse Arreguin, and members of the Berkeley City Council were personally present at the June 20, 2017, City Council meeting and observed at least some of the police misconduct complained of herein, yet took no action.

41.     Defendants' actions deprived plaintiffs of their rights to freedom of speech, freedom of association, and freedom of the press; to be free from unreasonable searches and seizures; to be free from the use of excessive and/or arbitrary force; and to be free from unreasonable, summary punishment, all guaranteed by the United States and California Constitutions.

42.     Plaintiffs are further informed and believe and thereon allege that said constitutional violations were authorized, condoned, encouraged and/or ratified by the CITY OF BERKELEY including, but not limited to, ANDREW GREENWOOD and other high ranking members, supervisors and/or command staff of the City of Berkeley and Berkeley Police Department.

43.     Plaintiffs are further informed and believe and thereon allege that the violations of Plaintiffs' constitutional rights and damages as alleged herein were caused by customs, policies and/or practices of the City of Berkeley, including, but not limited to, Chief ANDREW GREENWOOD, and/or other high ranking policy makers, and/or each of them, which encouraged, authorized, condoned and/or ratified the constitutional violations and other misconduct as alleged herein.

44.     Plaintiffs are further informed and believes and thereon allege that the CITY OF BERKELEY, including, but not limited to, ANDREW GREENWOOD, and/or other high ranking officials, policy makers, police department command staff and/or supervisors,

COMPLAINT   *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR                    9

1  were on actual notice at the time of this incident that there was a custom, policy, pattern

2  and/or practice of excessive force, violations of First Amendment rights, inadequate

3  supervision, training, control and/or discipline of members of the Berkeley Police, a Code

4  of Silence within that agency, and/or other customs, policies and/or practices which the

5  Berkeley Police, and/or its high ranking officials knew and/or reasonably should have

6  known were likely to cause violations of the rights of, injury and/or damages to citizens

7  having contact with members of those agencies, including, but not limited to, Plaintiffs.

8  Plaintiffs are further informed and believe that GREENWOOD, FOMBY, SABINS, and

9  ROSS, were present and directly supervising the police actions complained of, and caused

10  Plaintiffs' injuries through their supervisory malfeasance.

11  45.    Defendants have taken no action to prevent a recurrence of the civil rights

12  violations alleged herein at future demonstrations in the City of Berkeley.

13  46.    Plaintiffs are further informed and believe and thereon allege that the conduct of

14  individual employees, agents and/or servants of the CITY OF BERKELEY, and/or each of

15  them was intentional, malicious, oppressive and/or done with a conscious or reckless

16  disregard for Plaintiffs' rights, justifying the award of punitive damages.

17  47.    Plaintiffs are informed and believes and thereon allege that they have claims for

18  damages arising from the acts and/or omissions of the employees, agents and/or servants

19  of the CITY OF BERKELEY, and DOES 1-50, and each of them, individually and/or while

20  acting in concert with one another, as alleged herein based on theories of liability which

21  include, but may not be limited to, assault, battery, negligence, intentional infliction of

22  emotional distress, negligence per se, violation of civil rights, including, but not limited to,

23  violation of constitutional and/or statutory rights under California and Federal law,

24  negligent hiring, supervision, control and/or discipline, respondeat superior liability of the

25  CITY OF BERKELEY and/or omissions committed within the course of scope of

26  employment by its employees and/or other agents, and/or other causes of action subject to

27  continuing discovery.

28  48.    Plaintiffs have and may continue to have in the future, claims for general damages,
including, but not limited to, claims for pain, suffering, physical and emotional injuries,

1   humiliation, fear, trauma, and emotional distress, in amounts to be determined according

2   to proof.

3   49.   Plaintiffs have and may continue to have in the future, claims for special damages,

4   including, but not limited to, claims for medical and related expenses, lost income, lost

5   earning potential and/or other special damages in amounts to be determined according to

6   proof.

7   50.   As a result of defendants' acts and omissions as alleged herein, the plaintiffs

8   sustained, and may sustain in the future, violation of and chilling of their

9   constitutional rights to freedom of speech, expression and association and freedom of the

10  press. All of the plaintiffs want to engage in, and associate with, peaceable expressive

11  activity in the future in the City of Berkeley, including political protest, journalism and

12  documentation of police activity, but are concerned that should they do so they may again

13  be subjected to unlawful force and arrest without probable cause.

14  51.   In the event that any of the Plaintiffs are the prevailing party in any litigation

15  stemming from the incidents alleged herein, Plaintiffs will seek attorneys' fees and costs

    based on state and/or federal statutes.

16  52.   Plaintiffs are informed and believe and thereon allege that the acts and/or

17  omissions of the CITY OF BERKELEY and/or its employees, agents and/or servants as

18  described herein included, but were not limited to, interference by threats, intimidation or

19  coercion with Plaintiffs' exercise and enjoyment of the rights secured by the Constitution

20  and laws of the United States and of California. Plaintiffs are also informed and believe

21  and thereon allege that the acts and/or omissions of the City of Berkeley and/or its

22  employees, agents and/or servants as described herein included, but were not limited to,

23  violence or intimidation by threats of violence on the basis of Plaintiffs' perceived political

24  affiliation, journalism, race, color, and/or ancestry.

25                          **VII. REQUISITES FOR RELIEF**

26  53.   As against defendant CITY OF BERKELEY, plaintiffs allege that the constitutional

27  violations alleged herein were the proximate result of decisions, orders, acts and omissions

28  of the CITY OF BERKELEY's authorized policymakers including but not limited to

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          11

1  defendant Police Chief ANDREW GREENWOOD, including but not limited to the failure

2  to fully implement or enforce revised General Orders C-64, U-2 and P-29.

3  54.    As against defendant CITY OF BERKELEY, plaintiffs allege that the constitutional

4  violations alleged herein were the proximate result of a repeated course of conduct by

5  members of the Police Department tantamount to a custom, policy, pattern or repeated

6  practice of condoning, ratifying and/or tacitly encouraging the abuse of police authority,

7  and disregard for the constitutional rights of citizens, including the rights of the plaintiffs.

8  55.    Plaintiff is further informed and believes and thereon alleges that the constitutional

9  violations alleged herein were the proximate result of a custom, policy, pattern or practice

10  of deliberate indifference by defendant CITY OF BERKELEY to the repeated violations of

11  the constitutional rights of citizens by defendant CITY OF BERKELEY's police officers,

12  which have included, but are not limited to, the repeated use of excessive force, First

13  Amendment violations, and the repeated failure to properly and/or adequately train,

14  supervise and/or discipline officers with respect to the use of excessive force, policing of

15  First Amendment activities, constitutional limitations on the use of force, City policies on

16  use of weapons and force, and use of force reporting; the repeated failure by CITY OF

17  BERKELEY high ranking officials, police department managers and/or supervisors to hold

18  officers accountable for violating the rights of citizens; and/or other customs, policies

19  and/or practices subject to continuing discovery.

56.    Plaintiffs are informed and believe that defendants GREENWOOD, FOMBY,

20  SABINS, and ROSS; and DOE defendants, and/or each of them, caused the violation of the

21  plaintiffs' constitutional rights as a result of their supervisory malfeasance and/or

22  deliberate indifference to the need for more or different training, supervision and/or

23  discipline of the BERKELEY personnel assigned to the subject incident, including, but not

24  limited to, defendants MATHIS, SPEELMAN, and the DOE defendants, and each of them,

25  to prevent the foreseeable violation of plaintiffs' constitutional rights.

26  57.    As a direct and proximate result of the conduct of defendants described herein,

27  plaintiffs have been denied their constitutional, statutory and legal rights as stated below,

28  and the individual plaintiffs have suffered general and special damages, including but not

1    limited to, pain, suffering, humiliation, emotional distress, fear, anxiety, disabilities,

2    medical and related expenses, lost wages, and other damages in amounts according to

3    proof.

4    58.    The individual defendants' acts were willful, wanton, malicious and oppressive and

5    done with conscious disregard and deliberate indifference for plaintiff's rights and safety,

6    justifying an award of punitive damages.

7    59.    Defendants' policies, practices, customs, conduct and acts alleged herein have

8    resulted and will continue to result in irreparable injury to the plaintiffs, including but not

9    limited to violations of their constitutional and statutory rights.

10   60.    Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs

11   described herein. Plaintiffs intend in the future to exercise their constitutional rights of

12   freedom of speech and association by engaging in demonstrations, journalism,

13   documentation of police actions, and other expressive activities in the City of Berkeley.

14   Defendants' conduct described herein and their failure to take adequate measures to

15   prevent a recurrence of this conduct, including civil rights violations by Berkeley police

16   officers, has created fear, anxiety and uncertainty among plaintiffs with respect to their

17   exercise now and in the future of these constitutional rights.

18   61.    Plaintiffs therefore seek injunctive relief from this court including but not limited to

19   police policies, training, and accountability measures, to ensure that they and persons

20   similarly situated will not suffer violations of their rights from defendants' illegal and

21   unconstitutional policies, customs and practices as described herein.

22   62.    An actual controversy exists between plaintiffs and defendants in that plaintiffs

23   contend that the policies, practices and conduct of defendants alleged herein are unlawful

24   and unconstitutional, whereas defendants contend that said policies, practices and

25   conduct are lawful and constitutional. Plaintiffs seek a declaration of rights with respect

26   to this controversy.

27   63.    Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in

28   amounts to be determined according to proof.

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          13

1

## VIII.   CLAIMS FOR RELIEF

2

### ONE - VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)

3   64.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

4   Complaint.

5   65.    The acts and/or omissions of the defendants, and each of them, individually and/or

6   while acting in concert with one another, violated plaintiffs' rights to be free from

7   excessive force and from arrest without probable cause, under the Fourth Amendment to

8   the United States Constitution.

9   66.    Wherefore, the plaintiffs pray for relief as hereinafter set forth.

10

### TWO - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

11   67.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

12   Complaint.

13   68.    Plaintiffs are informed and believe that plaintiffs' association with the Stop Urban

14   Shield demonstration, and perceived verbal questioning and criticism of the police and of

15   City of Berkeley government officials, and BROOKE ANDERSON's photographing and

16   videotaping of the police response, were substantial and motivating factors for the

17   defendants use force on them, to threaten them with force, and with regard to COOKE, to

18   arrest them.

19   69.    The acts and/or omissions of the defendants, and each of them, individually and/or

20   while acting in concert with one another, chilled the plaintiffs' rights to freedom of speech,

21   expression, and association, and freedom of the press, under the First Amendment to the

22   United States Constitution.

23   70.    Wherefore, the plaintiffs pray for relief as hereinafter set forth.

### THREE – ASSAULT AND BATTERY

24   71.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

25   Complaint.

26   72.    Defendants committed assault and battery on each of the plaintiffs by hitting and

27   pushing them with batons, applying pain holds and/or using other force on them.

28   73.    Said acts by defendants and/or each of them were unreasonable and excessive uses

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          14

1    of force.

2    74.    Plaintiffs did not consent to the use of force against them and were injured thereby.

3    75.    Wherefore, plaintiffs pray for relief as hereinafter set forth.

4              **FOUR – FALSE ARREST AND FALSE IMPRISONMENT**

5    76.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

6    Complaint.

7    77.    Plaintiff COOKE was arrested and jailed without reasonable suspicion and without

8    probable cause for defendants to believe that she had committed any crime.

9    78.    Defendants caused COOKE to be jailed for most of the night on purported suspicion

10   of a misdemeanor, in violation of Cal. Penal Code Section 853.6, which mandates citation

11   and release for misdemeanor arrests.

12   79.    Wherefore, plaintiffs pray for relief as hereinafter set forth.

13            **FIVE - VIOLATION OF CALIFORNIA CIVIL CODE § 51.7**

14   80.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

15   Complaint.

16   81.    Plaintiffs are informed and believe that bias against plaintiffs' perceived political

17   affiliation with the Stop Urban Shield demonstration, and their viewpoint which

18   defendants perceived to be anti-police and anti-Berkeley city government officials, was a

19   motivating reason for the defendants' above-described misconduct toward them.

20   82.    Defendants' above-described conduct violated plaintiffs' rights to be free from

21   violence and intimidation by threat of violence because of their actual or perceived

22   political affiliation and/or viewpoint, in violation of California Civil Code § 51.7.

23   83.    Wherefore, the plaintiffs pray for relief as hereinafter set forth.

24            **SIX - VIOLATION OF CALIFORNIA CIVIL CODE § 52.1**

25   84.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

26   Complaint.

27   85.    The acts and/or omissions of the defendants, and each of them, individually and/or

28   while acting in concert with one another, constituted interference, and attempted

interference, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and

COMPLAINT  *Cooke, et al., v. City of Berkeley*  Case No. 3:18-cv-04420 DMR          15

1  enjoyment of rights secured by the Constitution and laws of the United States and the

2  State of California, in violation of California Civil Code § 52.1.

3  86.    Wherefore, the plaintiffs pray for relief as hereinafter set forth.

4  **SEVEN - NEGLIGENCE**

5  87.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

6  Complaint.

7  88.    Defendants had a duty of care to plaintiffs to ensure that they did not cause

8  unnecessary or unjustified harm to them, and a duty of care to hire, train, supervise and

9  discipline Berkeley Police officers so as to not cause harm to plaintiffs and to prevent

10  violations of plaintiffs' constitutional, statutory and common law rights.

11  89.    In doing the acts and/or omissions as alleged herein, said defendants and/or each of

12  them, breached their duty of care to plaintiffs, resulting in the injuries and damages

13  alleged herein.

14  90.    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IX.    PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1.    For an order certifying the class defined herein pursuant to Federal Rules of Civil Procedure 23(b)(2);

2.    For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

3.    For a declaratory judgment that defendants' conduct complained of herein violated plaintiffs' rights under the Constitution and laws of the United States and California;

4.    For past, present and future general damages for the named plaintiffs, including but not limited to, pain, suffering, permanent disfigurement and/or emotional distress to be determined according to proof;

5.    For past, present and future special damages for the named plaintiffs, including, but not limited to, medical expenses, lost wages, damage to career and/or other out of pocket losses to be determined according to proof;

6.    For punitive damages against the individual defendants and/or each of them, for the named plaintiffs, to be determined according to proof;

7.    For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and for a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52, for the named plaintiffs;

8.    For pre- and post-judgment interest as permitted by law;

9.    For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

10.    For costs of suit;

11.    For such other and further relief as the Court may deem just and proper.

1

## X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than

3 the named parties, there is no such interest to report.

4                          ## XI. JURY TRIAL DEMAND

5      Plaintiffs demand a jury trial.

6

7 Dated: July 24, 2018          Respectfully submitted,

8                               /S/
                                By: Rachel Lederman
9                               Attorneys for plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28